## JOHN HARRIS *versus* THE FIRST PARISH IN DORCHESTER.

An action at common law does not lie in favor of a creditor of a bank against a stock-holder, to enforce the provision in Revised Stat. *c.* 36, § 30, that if any loss or deficiency of the capital stock in any bank shall arise from the official mismanage-ment of the directors, the stockholders shall, in their individual capacities, be lia-ble to pay the same ; but the remedy is by bill in equity.

*Feb. 1st,*
*1839.*

THIS case was argued, at Boston, by *A. W. Austin,* for the plaintiff, and by *Sprague,* (with whom was *Walcutt,*) for the defendants.

MORTON J. afterward drew up the opinion of the Court. This is an action of assumpsit, brought by one of the credit-ors of the Franklin Bank against one of the stockholders, to recover the amount of a post note which the bank has refused to pay. It is founded upon the 30th section of the 36th chap-ter of the Revised Statutes. There appear to be many cred-itors of the Franklin Bank equally unable to obtain their pay of the corporation, and equally entitled to a remedy against the stockholders.

The first question which arises in this case, is, whether an action in this form can be maintained.

The section under consideration provides, that " if any loss or deficiency of the capital stock in any bank shall arise from the official mismanagement of the directors, the stockholders at the time of such mismanagement shall, in their individual capacities, be liable to pay the same ; provided, that no stock-holder shall be liable to pay a sum, exceeding the amount of the stock actually held by such stockholder, at the time." The main object of the legislature in enacting this provision, cannot be misunderstood. It was to give the creditors security upon the individual property of the corporators, for the amount of the capital stock ; at least so far as that depended upon the

faithful administration of the affairs of the corporation. But this section is general and brief and not free from obscurity. If the capital be reduced by the misconduct of the officers, the stockholders are bound to replace it. The section does not impose upon them the obligation to pay the debts of the bank or to redeem the bills and notes, or even to keep the capital of the bank good ; but only to supply the deficiencies which may have been caused by the mismanagement of the directors. If the capital be wasted and the debts greatly exceed the amount of the capital, the stockholders are only bound to restore the lost capital. And the creditors can only recover to the amount of the assets of the bank. It is not easy to see the necessity of the proviso ; for in no event are the stockholders bound to pay more than the amount of their stock, which in the aggregate would form the capital of the bank. It may however be useful to guard against the implication, that the solvent stockholders would be bound to supply the deficiency of the insolvent ones.

The legislature having made this provision for the security of the bill holders and other creditors of the banks, undoubtedly intended that it should be executed, in the most full and perfect manner and according to the known usages and established rules of law. The mode of redress is not prescribed, but is left to analogy and inference. We have no precedent to guide us. This is the first action which has been brought on this statute or the previous ones of which it is a revision. The cases of *Vose v. Grant*, 15 Mass. R. 505, and *Spear v. Grant*, 16 Mass. R. 9, were actions at common law. And the case of *Bond* v. *Appleton*, 8 Mass. R. 472, was founded on a statute of New Hampshire. There is however too much reason to fear, that frequent resort, in some form or other, to the important principle here established, will become necessary. Indeed there are now pending several suits in equity founded on this or the next subsequent section, which contains principles somewhat analogous.

The objection that the stockholders are not liable to any suit by the creditors of the bank, but only to the corporation itself, we think cannot be sustained. Such a remedy would be entirely unavailing. It cannot be supposed that the officers of a bank,

who by their own wrong had squandered the whole or a part of the capital, would compel the stockholders, including themselves, to make up the deficiency ; nor can we expect that the stockholders would remove the delinquent officers and choose others for the purpose of making themselves liable. We cannot therefore suppose that the legislature intended to establish a remedy so totally inadequate and ineffectual. And we have no doubt the creditors of the bank are entitled to an action of some kind directly against the stockholders.

The real question is, whether a suit at law or in equity, is the proper remedy. It is a well known principle, that when a statute creates a right but does not establish any particular remedy, the common law, to effectuate the purposes of the statute, interposes and supplies a convenient and adequate remedy suited to the case. Or more properly speaking, the legislature, by necessary implication, adopt such remedy.

The plaintiff's counsel has referred us to the case of *Bond v. Appleton.* And doubtless that case suggested the form of declaration here adopted. But the statute upon which that action was brought, is in some respects widely different from the one under consideration. That statute makes the stockholders jointly and severally liable to the bill holders, for the whole amount of the outstanding bills. But the liability of our stockholders is limited to the amount of their stock ; and no judgment can be rendered against them for a greater amount, nor for any purpose but to replace lost capital. That action failed ; and it would be immaterial to inquire whether it could have been sustained or not in that form.

It is said by the plaintiff's counsel, that the provision in the 32d section, for a remedy over by a stockholder who has paid more than his proportion, against those who have paid less, implies that separate actions may be maintained. It may well be doubted, whether this remedy for contribution is not confined to cases arising under the 31st section. This would satisfy the words of the section, and seems to be the most obvious and natural construction.

If actions at law will lie, under the 30th section, suits may be multiplied to an indefinite extent. Each bill holder or other creditor must have his separate suit, and each stockholder

must be sued separately. Again, suits between stockholders to adjust their contributions, would be interminable. If a creditor's demand be larger than the amount of stock owned by any one, he must have several suits against several individuals on the same cause of action, or lose a part of his just demand. If any one stockholder owned more stock than was needed to meet any one claim made upon him, he would be liable to several suits.

It may happen, and probably has happened in this instance, that a bank owes more than the amount of its whole capital. In such case there must either be a *pro ratâ* division among the creditors, of what may be recovered, which would be impracticable in suits at law, or those who sue first must recover the whole of their debts, leaving others totally remediless, which would be palpably unjust.

The evils and inconveniences of attempting to enforce this section by suits at common law, would be incalculable; and such remedy would be inadequate, vexatious and mischievous. The only proper means of giving effect to this provision is by a process in equity; and this, of all cases which can arise, seems to call most loudly for a chancery jurisdiction. To a bill in equity all persons, however numerous, might be made parties; and all the relative and conflicting claims of the many creditors and stockholders settled and their proportionate rights to recover and liabilities to contribute, adjusted in a single suit. We are all therefore of opinion, that this case comes within the equity jurisdiction of the Court; and that an action at law will not lie.

*Plaintiff nonsuit.*